# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROGER JOHNSON,**
**Claimant Below, Petitioner**

**FILED**

February 23, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)** **No. 17-0840** (BOR Appeal No. 2051774)
(Claim No. 2015032531)

**DAVID STANLEY CONSULTANTS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger Johnson, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. David Stanley Consultants, LLC, by Katherine H. Arritt and Jeffrey B. Brannon, its attorneys, filed a timely response.

The issue on appeal is the compensability of the claim. The claims administrator rejected the claim on June 25, 2015. The Office of Judges affirmed the decision in its January 12, 2017, Order. The Order was affirmed by the Board of Review on August 23, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson, a shuttle car operator, alleges that he sustained a work-related injury to his shoulder and back when he fell down some steps on May 16, 2015. The report of injury completed the following day indicates Mr. Johnson was walking down some steps when he slipped and struck his right lower back and right shoulder. He was diagnosed with a low back sprain and acute low back pain at Logan Regional Medical Center.

Mr. Johnson was treated for the alleged injury by Anbu Nadar, M.D. In a June 17, 2015, treatment note, Dr. Nadar noted that Mr. Johnson reported he was walking down a flight of stairs when he slipped and fell down some steps. He reported that he injured his neck, back, and right

1

shoulder and had suffered persistent symptoms in his neck, low back, and down his right leg since that time. Dr. Nadar's impression was cervical and lumbosacral strain. Mr. Johnson was taken off of work. From July 29, 2015, through September 30, 2015, Mr. Johnson's overall condition remained unchanged, and he continued to report neck and back pain.

Mr. Johnson testified in a deposition on September 22, 2015, that he was carrying his belongings from the dressing room to the parking lot when he fell on the stairs. It was his first day working for the employer. Mr. Johnson stated that he was still on the clock when this happened. He was unsure if anyone saw the accident happen but thought his supervisor may have. He reported the injury right after it occurred and immediately sought treatment. Mr. Johnson testified that he was still having minor problems with headaches and neck pain and major problems with his back. He stated that Dr. Nadar would not release him for work until he had received an MRI. He admitted to having some nerve damage in the sacral region of his back in 2007 and being treated for that injury for six months to a year. Mr. Johnson stated that he left work early on the day in question because the section boss did not like him and the shift foreman asked him to leave. He asserted that he had no idea why the section boss did not like him and asked him to leave three hours into his shift on his first day.

In a January 25, 2016, affidavit, Steve Thompson stated that he is the operations coordinator for the employer. His job duties include maintaining a safe and organized environment for various departments in the company. He stated that Mr. Johnson was hired as a contract laborer and the alleged injury occurred on his first day. Mr. Johnson was driving a piece of equipment that required the operator to be fully alert. Several times during the shift, he was observed falling asleep while operating the machinery. About three hours into the shift, he fell asleep and wrecked the equipment he was driving. Mr. Johnson was then asked to leave for the day. After he left, Mr. Johnson contacted the company and reported that he fell in the parking lot. The alleged event was unwitnessed. Mr. Thompson stated that he believed Mr. Johnson filed a workers' compensation claim in retaliation for being asked to leave.

Mr. Johnson testified in an August 30, 2016, deposition that David Stanley Consultants, LLC, is an employment agency and it is not uncommon to move around jobs when working for it. He stated that he was operating a shuttle car on the day of the alleged injury and bumped into a car cable, causing it to pinch the cable. He reported it to an electrician who repaired it. He was then asked to leave. He stated that he gathered his supplies and was halfway down the stairs to the parking lot when he fell. He asserted that the shift supervisor came down the steps and helped him up after he laid there for three to four minutes. The shift supervisor then took pictures of the accident site, took a statement, and got another witness to observe him doing so. Mr. Johnson stated that to his knowledge, the supervisor saw him fall.

The claims administrator rejected the claim on June 25, 2015. The Office of Judges affirmed the decision in its January 12, 2017, Order. It found that the evidence shows Mr. Johnson was leaving work when the injury allegedly occurred. The employer contends, via Mr. Thompson's affidavit, that Mr. Johnson was asked to leave early for repeatedly falling asleep while operating heavy machinery and wrecking the machine. Mr. Johnson alleged that he was asked to leave early because the section boss did not like him; however, he admitted to bumping

a shuttle car cable and severing it, which he had to report to an electrician. The Office of Judges noted that Mr. Johnson was carrying his belongings when he fell. It was the employer's contention that Mr. Johnson filed a claim in retaliation for being asked to leave work. Further, he provided no witness statements in corroboration of his claims. The Office of Judges found that while a witness is not necessary to prove a claim, Mr. Johnson suffers from a lack of reliability which requires persuasive corroboration of his assertion. The Office of Judges noted that after he was terminated, Mr. Johnson was arrested for making false accusations and framing a man with an explosive device. The Office of Judges determined that Mr. Johnson's evidence that he fell at work on May 16, 2015, is not persuasive. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 23, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Johnson alleges that he fell while walking to the parking lot at work. However, there are no witnesses to corroborate his allegation, and he reported the alleged fall directly after he was asked to leave work, on his first day, for falling asleep and wrecking heavy machinery. Further, his version of the events changed significantly between his two depositions. He first stated that he was unsure if anyone saw his fall. Then, in the second deposition, he alleged that not only was his fall witnessed by the shift supervisor, the supervisor also took pictures, took a statement, and got a witness to oversee it all. Mr. Johnson provided no evidence in support of his assertions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 23, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker